IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENHAM KHEYRADDINI MOUSAVI,

    Plaintiff,

v.                                                                                                      No. 1:23-CV-00403-WJ-JFR

WALGREENS AT INDIAN SCHOOL RD NE,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT WALGREEN CO.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

THIS MATTER is before the Court on Defendant Walgreen Co.'s Motion to Dismiss for Failure to State a Claim. **Doc. 8**.[1] Having considered the parties' motions and the relevant case law, the Court finds that Defendant's motion is well-taken and is therefore **GRANTED**.

### DISCUSSION

On March 24, 2021, Benham Mousavi ("Plaintiff") filed a single-paragraph Complaint that stated:

> The prescription of ziprasidone was picked up from this drugstore. After severe heart pain, I found out people who have experience heart problems should not take this medicine. The pharmacist on March 23rd told me that they cannot check every medicines side effect before filling it since it takes too long.

**Doc. 1-1 at 1**. Plaintiff also filed a Court-Annexed Arbitration Certification along with his Complaint, certifying that he seeks "relief other than a money judgment AND/OR seeks relief in excess of fifty thousand dollars ($50,000) exclusive of punitive damages, interest, cost, and attorney fees." Defendant removed this case to federal court on May 10, 2023, asserting federal

---

[1] As referenced in the caption, Plaintiff incorrectly refers to Defendant in his Complaint as "Walgreens at Indian School Rd NE."

1

diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court notes that Plaintiff does not contest that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").[2]

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." The plaintiff's complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when a plaintiff pleads "factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to allege an essential element of his or her claim, the Court may appropriately dismiss the Complaint pursuant to Rule 12(b)(6). *Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009) (internal citation omitted).

In the instant case, Plaintiff is pro se, which warrants special considerations. When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

---

[2] Additionally, Defendant's Notice of Removal cites cases similar to the instant case where juries awarded plaintiffs amounts well beyond $75,000. **Doc. 1 at 4**. This includes a case where a jury awarded a plaintiff $280,000 for chest pain. *Grassie v. Roswell Hosp. Corp.*, JVR No. 491364 (N.M. Dist. Ct. 2007). "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (internal citation omitted).

unfamiliarity with pleading requirements." *Id.* The Court will not, however, "assume the role of advocate for the pro se litigant." *Id.* "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Plaintiff's single-paragraph Complaint fails to allege sufficient facts to state a claim that is plausible on its face. Construing Plaintiff's pro se Complaint broadly, Plaintiff asserts a negligence claim against Defendant for the failure of one of its pharmacists to warn Plaintiff of the potential side effects of taking Ziprasidone. To prevail on a negligence claim under New Mexico law, a plaintiff must prove "the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 48, 73 P.3d 181, 186.

Plaintiff fails to allege the essential elements of a negligence claim. The facts in the Complaint, accepted as true, do not establish that the Defendant breached a duty to Plaintiff or demonstrate a causal connection between any such breach and Plaintiff's heart pain. From the face of the Complaint, there is no way for the Court to know if Plaintiff had a preexisting heart condition, if Defendant knew or could have known of this condition, if Plaintiff actually took Ziprasidone, and if the Ziprasidone caused Plaintiff's heart pain. Absent these facts and others, the Court is unable to draw a reasonable inference that Defendant is liable to Plaintiff for any misconduct. While the Court may extend leniency to pro se plaintiffs, it is unable fill in factual gaps for them. Accordingly, Plaintiff failed to state a plausible claim in his Complaint.

**CONCLUSION**

As Plaintiff failed to state a plausible claim in his Complaint, the Court **GRANTS** Defendant's Motion to Dismiss (**Doc. 8**). Plaintiff's Complaint is therefore dismissed without prejudice and with leave to amend.[3] The Court grants Plaintiff leave to file an amended complaint within **30 days** after entry of this Order. If Plaintiff files an amended complaint within 30 days, such amended complaint must not contain the same deficiencies as the current complaint; otherwise, the Court may sua sponte dismiss the amended complaint. Finally, if Plaintiff does not file an amended complaint within **30 days** that cures the pleading deficiencies pointed out in this Memorandum Opinion and Order, the Court may dismiss this case with prejudice and without further notice.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Defendant in its Reply (**Doc. 13**) contends that granting Plaintiff leave to amend his Complaint is futile. However, due to the vagueness of the existing Complaint and the absence of a proposed amended complaint, it is not obvious to the Court at this juncture that any amendment by Plaintiff would be futile. Therefore, the Court will grant leave to amend without prejudice to Defendant's re-assertion of its futility argument if an amended complaint is filed.